## In re ERLICH.

(District Court, E. D. Pennsylvania. March 22, 1924.)

No. 8429.

Bankruptcy ⬅️➡️347—Claim for use and occupancy by receiver falls within class I, and takes precedence of expenses of trusteeship.

Under section 64b (1) of the Bankruptcy Act (Comp. St. § 9648), read in connection with section 2 (3), being Comp. St. § 9586, all expenses incident to a receivership in bankruptcy, including a landlord's claim for use and occupancy by the receiver, take precedence over the expenses of the trusteeship and the petitioning creditors.

In Bankruptcy. In the matter of the estate of Morris Erlich, individually and trading as Erlich & Co., bankrupt. On trustee's petition for review of order of referee. Exceptions to referee's report dismissed.

Harry E. Kalodner, of Philadelphia, Pa., for claimant.

Bertram K. Wolfe and Aarons, Weinstein & Goldman, all of Philadelphia, Pa., for trustee.

McKEEHAN, District Judge. The landlord filed a petition that his claim for use and occupation of premises by the receiver should be paid in full before the other expenses of administration, as the fund in the hands of the trustee is insufficient to pay all of the expenses of administration in full.

The question raised by the landlord's petition is whether his claim for use and occupation by the receiver falls within class 1 or class 3 of section 64b of the Bankruptcy Act (Comp. St. § 9648). The referee held,

not only that the landlord's claim should be placed in class 1, but that all of the expenses incident to the receivership belong in the same category, and take precedence over the expenses of the trusteeship and of the petitioning creditors. He therefore ordered:

"That the several items of expense of administration heretofore allowed shall be divided into two classes, and all those falling within the class of receiver's expenses, including therein the claim of the landlord for use and occupation of the premises by the receiver, shall be first paid in full, and that the balance of the fund shall then be subject to other expenses of administration; and inasmuch as there will not be an amount sufficient to pay them all in full, the said expenses of administration in the second class shall prorate inter se."

The trustee petitions for a review of this order. While the question is not free from doubt, and while the practice seems rather to have been to regard receivership expenses incurred prior to the qualification of the trustee as part of the "cost of administration" under class 3 of section 64b, we agree with the referee that they fall within class 1. Section 2 (3), Bankruptcy Act (Comp. St. § 9586), vests the courts of bankruptcy with jurisdiction to—

"appoint receivers * * * in case the courts shall find it absolutely necessary, for the preservation of estates, to take charge of the property of bankrupts after the filing of the petition and until it is dismissed or the trustee is qualified."

Section 64b, Bankruptcy Act (Comp. St. § 9648), provides:

"The debts to have priority, except as herein provided, and to be paid in full out of the bankrupt estates, and the order of payment shall be (1) the actual and necessary cost of preserving the estate subsequent to filing the petition; (2) the filing fees paid by creditors in involuntary cases; * * * (3) the cost of administration, including the fees and mileage payable to witnesses * * * and one reasonable attorney's fee; * * * (4) wages due to workmen; * * * and (5) debts owing to any person who by the laws of the states or the United States is entitled to priority."

In holding that the question involved is definitely answered by reading these sections together, the referee succinctly states his reasons as follows:

"The phraseology of the two sections is markedly similar and it cannot be doubted that they were drafted with relation to each other. Inasmuch as the jurisdiction of the court of bankruptcy to appoint a receiver is conditioned upon a finding by the court that it is absolutely necessary for the preservation of the estate after the filing of the petition, an order appointing a receiver necessarily establishes the fact that such receivership was necessary for the preservation of the estate after the filing of the petition. It should follow logically that all of the expenses of such receiver are expenses necessary for the preservation of the estate after the filing of the petition and that they are payable as debts having priority under section 64b (1). Not only the expense of use and occupation of real estate by the receiver, but all other expenses incidental to the receivership, fall within the same category, and take precedence over expenses of the trusteeship and of the petitioning creditors that fall within the purview of section 64b (3)."

In Re Veler, 249 Fed. 633, 161 C. C. A. 543, in holding that the expenses incurred in a disastrous receivership, in which the business was continued by the receivers, had priority by virtue of section 64b, Judge

Denison, speaking for the Circuit Court of Appeals for the Sixth Circuit, said:

"Ordinarily, when the receivership ends and the assets are turned over to the trustee, the current expenses of the receiver have been paid out of the current receipts, and any lawful. indebtedness may be deducted from the assets which go to the trustee. There can be no doubt that such debts are a charge on those assets at that time, and, if they are not paid, the assets clearly remain subject to that charge. Not only does this charge result from the nature of the case, but it is expressly recognized by the distribution section (section 64), which gives priority to those expenses which were necessary for the preservation of the property, and the expenses of the receivership fall under this class by the very language which is used with reference to. the creation of the receivership. No receiver can be appointed, excepting as a step in what is absolutely necessary for the preservation of the property. It follows that, in this case, the lawful debts of the receiver must be paid out of the assets in the hands of the trustee, excepting so far as claims with priority may prevail."

To the same effect is In re Grignard Lithographing Co. (D. C.) 158 Fed. 557, although, in view of the special facts of that case, the court, upon principles of equity, required the claim under class 1 to be prorated with other costs of administration.

Against these considerations, counsel for the trustee urge that section 64b should be read in connection with section 62 of the Bankruptcy Act (Comp. St. § 9646), which provides that:

"The actual and necessary expenses incurred by officers in the administration of estates shall, except where other provisions are made for their payment, be reported in detail, under oath, and examined and approved or disapproved by the court. If approved, they shall be paid or allowed out of the estates in which they were incurred."

The trustee urges that the phrases, "cost of administration," "expenses of maintaining the estate," and "costs of preserving the estate," are used indiscriminately in the cases, and that, in view of the provisions of section 62, class 1 of section 64b should be limited to emergency expenses incurred by parties, not officers, and that all expenses incurred by officers of the court, whether receivers, trustees. or referees, should be placed together in class 3 as "cost of administration," in accordance with what is said to be the customary practice. This view was expressed in an opinion of Mr. Harold Remington, referee, in the Matter of George H. Burke, 6 Am. Bankr. Rep. 502, and is also the view expressed in Collier on Bankruptcy (12th Ed.) p. 1000, where, in referring to class 1 of section 64b, it is said:

"This has been thought to include the costs and disbursements of receivers in bankruptcy and other officers pending the adjudication and appointment of trustees. But these are sufficiently within section 62. Hence the reference here seems rather to the expenses of parties, not officers, in preserving the estate."

We do not so read section 62. It provides the method by which expenses incurred by all officers shall be reported and determined, and then simply provides generally that these shall be paid out of the estates in which they were incurred. Section 64b, on the other hand, deals with the order of priorities. The distinction is clearly stated in Loveland on Bankruptcy (3d Ed.) 772. In discussing "the actual and

necessary cost of preserving the estate subsequent to filing the petition," he says:

"This is really a cost of administration, which may be included in the third class of debts enumerated in section 64b; but Congress saw fit to provide for the payment of the cost of preserving the estate in advance of other costs of administration. * * * The court is not bound to allow the full sum actually expended, but only so much as it shall find to have been reasonable and necessary for the purpose. * * * Section 62 provides the manner of proving and allowing such claims and for the payment of such expenses. Section 64b provides the order in which they shall be paid."

We find nothing in section 62 to support the contention that class 1 of section 64b is limited to expenses incurred by persons other than officers. The practice of classifying receivership expenses with other costs of administration, to whatever extent it has prevailed, is probably due to the frequency of the appointment of receivers in connection with bankrupt estates, to the fact that, as the estates are usually able to pay all costs of administration, it is seldom necessary to distinguish between costs of preservation and other costs of administration, and to the consideration that, as the services and expenses of receivers, trustees, referees, and counsel are all essential in the administration of bankrupt estates, a general scaling down and prorating in any case where the fund is insufficient to pay all is equitable. Nevertheless we think that the Bankruptcy Act classifies receivership expenses as among those entitled to a priority over other costs of administration, to the extent to which they are reasonably necessary for the preservation of the estate, and no question is raised in the instant case as to the reasonableness of any of the receiver's charges.

The exceptions to the referee's report are therefore dismissed.