### In re ENGLANDER.
### No. 14530.

District Court, W. D. Pennsylvania.
Jan. 27, 1930.

The opinion of Referee Adair follows:

The question presented is how to apply the gross amount of a bankrupt estate when the expenses of administration are far in excess of the gross amount received.

Louis Greenberger filed his first and final account as trustee, to which is annexed his first and final account as receiver. The receiver's account shows receipts of $257 and expenses of $381.19, there thus being a deficit of $124.19. In the trustee's account are shown further expenses of $36.50, and there are, in addition, certain expenses of administration not shown by the account, to wit, referee's expenses, $22, in addition to the $35 indemnity paid by the receiver; referee's filing fees, $9.25; fee of the petitioning creditor's attorney, $50, and his expenses, $3; fee of bankrupt's attorney, $50; and filing costs paid by the attorney for the petitioning creditor, $30.

Section 64b of the Bankruptcy Act as amended in 1926, 11 USCA § 104(b), provides:

"The debts to have priority, in advance of the payment of dividends to creditors, and to be paid in full out of bankrupt estates, and the order of payment shall be (1) the actual and necessary cost of preserving the estate subsequent to filing the petition; (2) the filing fees paid by creditors in involuntary cases, and, where property of the bankrupt, transferred or concealed by him either before or after the filing of the petition, shall have been recovered for the benefit of the estate of the bankrupt by the efforts and at the expense of one or more creditors, the reasonable expense of such recovery; (3) the cost of administration, including the fees and mileage payable to witnesses as now or hereafter provided by the laws of the United States, and one reasonable attorney's fee, for the professional services actually rendered, irrespective of the number of attorneys employed, to the petitioning creditors in involuntary cases while performing the duties herein prescribed, and to the bankrupt in voluntary and involuntary cases, as the court may allow."

It has been held in a carefully considered opinion that the reason for appointing a receiver is the preservation of property, and that his expenses therefore fall in class 1 of the above-quoted paragraph, and are payable prior to the expenses of the trustee. In re Erlich (D. C.) 297 F. 327, 2 A. B. R. (N. S.) 648, McKeehan, District Judge, Eastern District of Pennsylvania. In accordance with this ruling, the money realized by the receiver must be applied first to his expenses. This would exclude the amount which the receiver paid to the referee as indemnity under district bankruptcy rule 20. This amount must therefore be returned to the receiver, and this item must be disallowed in his account. All the other items should be paid pro rata, all being in class 1, subdivision (b) quoted above. It is true that some of these expenses have actually been paid on petition of the receiver by checks countersigned by the referee. In countersigning these checks, the referee acts under section 62 of the act (11 USCA § 102), which reads as follows:

"*Expenses of Administration.* The actual and necessary expenses incurred by officers in the administration of estates shall, except where other provisions are made for their payment, be reported in detail, under oath, and examined and approved or disapproved by the court. If approved, they shall be paid or allowed out of the estates in which they were incurred."

At the time the receiver asked for the countersignature of the checks, the referee necessarily determined that the expenses were proper and should be allowed. He had no means of knowing that the funds would be insufficient to pay all expenses. The risk of the situation was one which the receiver assumed when he asked to have the expenses paid. The receiver received the bankrupt estate as a trust fund, and it would be inequitable if he could prefer one or more creditors of the administration over others of equal rank and pay them in full to the detriment of the others. For example, there is no reason why the appraisers should be paid in full when the money left is insufficient to pay the landlord for the use of his building by the receiver to shelter the bankrupt's goods.

It is therefore necessary to make a pro rata application of the gross amount of the estate to all the expenses of the receivership, although this may result in the receiver being the loser of whatever he has paid any of his administration creditors in excess of what

they would have received in a pro rata distribution.

Hyman Schlesinger and A. H. Kaufman, both of Pittsburgh, Pa., for Louis Greenberger.

GIBSON, District Judge.

The question certified by the referee is as follows:

"Louis Greenberger, Receiver, having filed his first and final account showing cash received $257.00, and expenses incurred (including $35.00 indemnity to the Referee for the first meeting of creditors) aggregating $381.19 of which $102.77 has been paid by checks countersigned by the Referee, should an order be made disallowing the item of $35.00 paid to the Referee and applying said cash received to all the other expenses pro rata without distinction between those which have been paid and those which are unpaid and to the exclusion of all expenses incurred by the Trustee?"

The referee decided the question in the affirmative, returned the $35 paid to him as indemnity, and filed an order of distribution on July 10, 1929, based upon reasons set forth in a report and opinion filed July 17, 1929.

The order of the referee is confirmed and the exceptions thereto dismissed, for reasons set forth by the referee in his opinion filed July 17, 1929.