## In re BROMEIER'S, Inc.
## No. 16619.

District Court, W. D. Pennsylvania.
Jan. 10, 1934.

Bernard Goodman, of Pittsburgh, Pa., for trustee.

Humes & Prather, of Pittsburgh, Pa., for receiver.

Watson B. Adair, of Pittsburgh, Pa., referee.

GIBSON, District Judge.

The referee, upon distribution, decided that the gross amount realized by the trustee from the bankrupt estate should be applied, after the payment of liens, to the payment of the expenses incurred by the receiver in preference to the payment of anything on account of general administration expenses, viz., the expenses incurred by the trustee in liquidating the estate and otherwise, the compensation of the trustee, the expenses incurred by the referee, the compensation of the referee, and the fees of the attorney for the trustee, attorney for the bankrupt, and attorneys for the petitioning creditors, respectively, regardless of whether or not the receiver's expenses were incurred with respect to the particular portions of the bankrupt estate which were liquidated by the trustee. This decision has been certified to this court for review.

The facts presented disclose an unfortunate situation. After a long and loosely conducted receivership, the receiver filed his account, which was confirmed in due course without exception on the part of any creditor. It showed debts of the receiver in excess of the funds which came into his hands. The trustee accepted his appointment as such with no knowledge of the fact that the remaining assets of the estate were insufficient to pay the debts incurred by the receiver. He proceeded to administer the estate and obtained a certain sum by the sale of property of the bankrupt, and in doing so incurred certain expenses. He now contends, in disagreement with the referee, that such sum should be devoted to his administration expenses and not to the payment of expenses incurred by the receiver, as no expense had been incurred by the receiver in the preservation of the particular asset sold by the trustee. Despite our sympathy for the trustee under the peculiar circumstances of the matter, we are compelled to agree with

568

the referee in his decision. It is beyond question that expenses of a receiver in bankruptcy are debts entitled to have priority of all administration expenses. That such receivership debts may have been incurred improvidently in the instant case is not a matter which may be considered by this court in the present state of the record.

The order of the referee must be sustained.