## In re INDIA WHARF BREWERY, Inc.
### No. 249.

Circuit Court of Appeals, Second Circuit.
May 2, 1938.

Riegelman, Hess & Hirsch, of New York City (Walter J. Fried, of New York City, of counsel), for appellant.

Duberstein & Schwartz, of Brooklyn, N. Y. (Samuel C. Duberstein and Max Schwartz, both of Brooklyn, N. Y., of counsel), for appellee.

Before MANTON L. HAND, and SWAN, Circuit Judges.

SWAN, Circuit Judge.

Upon the filing of a voluntary petition in bankruptcy by India Wharf Brewery, Inc., Walter J. Fried, the present appellant, was appointed receiver. He acted as such from March 28 to May 26, 1934, when he turned over possession of the assets of the estate to Aaron L. Palmer, trustee in bankruptcy, the present appellee. The referee in bankruptcy recommended that the receiver's commissions be fixed at the sum claimed by him, namely, $591.54, but that payment thereof be deferred, as it was not clear whether there would be sufficient money in the estate to pay in full all expenses of administration. The referee's report was approved by Judge Campbell by order of June 28, 1935. A stipulation executed by the receiver and the attorney for the trustee provided that failure to appeal

from the order should not preclude the receiver from asserting a claim to priority over other administration expenses upon the final distribution of funds in the hands of the trustee. Thereafter the trustee filed his final report and account, to which the receiver filed objections seeking to surcharge him. An answering affidavit was filed by the trustee and a replying affidavit by the receiver. On May 25, 1937, the referee in bankruptcy made a report approving the trustee's account, fixing allowances to various expense claimants other than the receiver, and recommending that the balance on hand, $959.02, be distributed on a pro rata basis without priority to the receiver's claim for commissions. Judge Abruzzo approved the referee's report except that he halved the sums to be paid the receiver, the trustee, the trustee's attorneys, and most of the other expense claimants.[1] These reductions were made in order to obtain an insignificant amount, $368.48, to be paid as a dividend to creditors. By leave of this court an appeal was allowed. Under the order appealed from the appellant will be paid $65.82 instead of the $591.54 previously fixed as receiver's commissions.

 Relying upon the principle that one judge may not overrule the decision of another judge of co-ordinate jurisdiction made in the same case, the appellant argues that Judge Abruzzo had no power to reduce the receiver's commissions as fixed by the order of Judge Campbell. This principle has no application to the facts at bar for two reasons. The first is that Judge Abruzzo did not re-examine the amount of the receiver's commissions as previously determined; his order accepted this amount but directed payment of a pro rata dividend thereon, as upon other expenses of administration, because the estate was insufficient to pay all in full. A second, and more fundamental, reason is that an allowance of compensation is merely an administrative order and as such is always open to reexamination by the bankruptcy court until the estate is closed. Hume v. Myers, 4 Cir., 242 F. 827, 830; In re De Ran, 6 Cir., 260 F. 732, 739; In re H. L. Stratton, Inc., 2 Cir., 51 F.2d 984, 988; In re Insull Utility Investments, 7 Cir., 74 F.2d 510, 514.

The next question is whether a receiver's commissions are entitled to be paid in full in priority to the expenses of administration by the trustee. The appointment of a receiver is authorized in case the court "shall find it absolutely necessary, for the preservation of estates, to take charge of the property of bankrupts after the filing of the petition and until it is dismissed or the trustee is qualified." Section 2(3), 11 U.S.C.A. § 11(3). The measure of his compensation is specified in section 48d, as amended, 11 U.S.C.A. § 76(d). The order in which expenses of administration are to be paid is set forth in section 64b, as amended, 11 U.S.C.A. § 104(b), as follows: "(b) The debts to have priority, in advance of the payment of dividends to creditors, and to be paid in full out of bankrupt estates, and the order of payment shall be (1) the actual and necessary cost of preserving the estate subsequent to filing the

---

[1] The amounts of the several allowances, the payments recommended by the referee and the payments ordered by the court are shown in the following table:

| | Allowance | Referee's Recommendation | Court order |
|---|---|---|---|
| Receiver's com. | $ 591.54 | $ 131.64 | $ 65.82 |
| Trustee's " | 194.04 | 43.18 | 21.59 |
| Trustee's atty. | 1200.00 | 267.01 | 137.83 |
| | (8.66 disb.) | (8.66 disb.) | (disb. incl.) |
| Bankrupt's atty. | 200.00 | 44.50 | 22.25 |
| Atty. Pet. Creds. | 250.00 | 55.62 | 45.31 |
| | (35.00 disb.) | (35.00 disb.) | (disb. incl.) |
| Accountant | 500.00 | 111.26 | 55.63 |
| Appraiser | 60.00 | 13.35 | 6.67 |
| " | 60.00 | 13.35 | 6.67 |
| " | 60.00 | 13.35 | 6.67 |
| Referee | 212.75 | 212.75 | 212.75 |
| Stenographer | 5.00 | 5.00 | 5.00 |
| Mimeograph Co. | 4.35 | 4.35 | 4.35 |
| | $3,381.34 | $959.02 | $590.54 |
| Dividend to creditors | | | 368.48 |
| | | | $959.02 |

petition; (2) the filing fees paid by creditors in involuntary cases * * * (3) the cost of administration."

Under these provisions we think the expenses of the receivership, including the receiver's commissions, must be deemed an "actual and necessary cost of preserving the estate" and have priority over the general costs of administration during the trusteeship. See In re Mitchell, 2 Cir., 212 F. 932; In re Veler, 6 Cir., 249 F. 633, 642; In re Erlich, 297 F. 327, D.C.E.D.Pa.; In re Englander, 39 F.2d 931, D.C.W.D.Pa.; In re Bromeier's, Inc., 6 F.Supp. 567, D.C. W.D.Pa.; Loveland, Bankruptcy, 3d Ed., 772. Hence, the order was erroneous in not directing payment in full of the appellant's commissions.

In taking his appeal the appellant named only the trustee in bankruptcy as the appellee. Whether the other expense claimants, can be deprived of the sums allotted to them by the order appealed from when they were not cited on the appeal presents a question which has not been argued and one which it will be unnecessary to decide if the appellant can succeed upon the other branch of his appeal, namely, the effort to surcharge the trustee upon his final accounting.

The first item to be considered relates to the trustee's failure to enforce performance of a contract made by the trustee with one Samuel Greenlee. At a meeting of creditors on June 6, 1934, the creditors voted to accept an offer of Greenlee to purchase all of the beer in the bankrupt's brewery for $2,000. The terms of the offer were incorporated in an order of the referee authorizing the trustee to accept it. The purchaser agreed, among other things, to pay all federal and state taxes and license fees required in connection with the sale of the beer or the operation by him of the brewery, and further agreed to deposit with the trustee, upon the closing of the contract, the sum of $500 as security for faithful performance. The trustee, however, failed to obtain the cash deposit, and, by reason of Greenlee's absconding without performing his obligations in respect to taxes, the trustee incurred and paid a tax liability of more than $500. His only excuse for failing to have the deposit available to reduce pro tanto the loss thus incurred is that he understood from statements at the creditor's meeting that the deposit was to be posted only as security for payment of wages of help employed in the operation of the plant, and that the employees released the trustee from any liability for wages in order to relieve Greenlee from his obligation to put up the $500 deposit with the trustee. This is no excuse whatever. The order was perfectly plain that the deposit was to secure performance of all the terms and conditions of the contract. Either the trustee never read the order or he read it so carelessly as to misconstrue a perfectly unambiguous provision; in neither event can he excuse himself. To close the contract without complying with the requirements of the order was grossly negligent and the trustee's good faith cannot save him from personal liability. In re C. M. Piece Dyeing Co., 2 Cir., 89 F.2d 37, 40. Since his negligence has resulted in loss to the estate, he must make good the loss.

Another asset which the trustee is charged with failing to collect is a claim of $301.80 against the National Surety Corporation. This arose out of a burglary loss sustained during the receivership. The receiver in bankruptcy filed proof of claim with the insurer and notified the trustee of the claim. In March, 1936, the trustee sold this claim, together with some $2,000 of accounts receivable of the bankrupt, for the sum of $52.50. In defense, the trustee asserts that the National Surety Corporation was involved in liquidation proceedings and that the claim could not be reduced to cash. As the receiver's reply affidavit pointed out, the trustee evidently confused the National Surety Corporation with another corporation, National Surety Company. The former is a solvent corporation and has done business without interruption ever since the burglary policy in question was written. If an asset is shown to have belonged to the estate, the burden is on the trustee to excuse its noncollection. In re Reinboth, 2 Cir., 157 F. 672, 16 L.R.A., N.S., 341. The excuse offered is wholly insufficient to carry that burden.

There are numerous other items in respect to which the appellant sought to surcharge the trustee's account. It is unnecessary, however, to consider them. No one but Fried has appealed from the order, and his interest in upsetting the account will cease if the trustee is surcharged in a sum sufficient to pay the receiver's commis-

sions in full. The two items of liability already discussed will produce more than enough.

 Accordingly, the trustee should be surcharged in the sum of $525.72 which, with the $65.82 directed to be paid out of the funds on hand, will satisfy the appellant's claim in full without affecting the other payments directed to be made by the order appealed from. It is true that the order was erroneous in directing payment of a dividend to general creditors out of funds which should have gone to expenses of administration under section 64b(1), as amended, 11 U.S.C.A. § 104(b) (1). But, since the trustee in bankruptcy took no appeal, we do not think that he is in a position to urge that the amount erroneously set off for dividends, $368.48, should be used to reduce his liability to the appellant for negligent administration of the estate. The trustee must also bear personally the costs of this appeal.

The order is reversed and the cause remanded, with directions to enter an order in conformity with this opinion.