**In the Matter of Donald LEWIS, Pamela F. Lewis, Debtors.**

**Betty DUNSON, Plaintiff,**

**v.**

**Donald LEWIS, Defendant.**

**Bankruptcy No. 1–81–01816.**
**Adv. No. 1–81–0294.**

United States Bankruptcy Court,
S. D. Ohio, W. D.

Feb. 1, 1982.

David E. W. Chatfield, Cincinnati, Ohio, for plaintiff.

Bruce F. Thompson, Cincinnati, Ohio, for defendant.

ORDER DETERMINING DEBT TO BE
NON–DISCHARGEABLE

L. C. GARTNER, Bankruptcy Judge.

This cause came on to be heard upon the filing of the complaint by plaintiff on September 22, 1981 to determine the discharge-

ability of a debt pursuant to 11 U.S.C. § 523(a)(6); upon the answer filed by Defendant on November 6, 1981; upon the evidence and the testimony.

Plaintiff filed a complaint against defendant on February 9, 1981, in the Hamilton County Municipal Court for assault. On May 12, 1981, plaintiff received a judgment in default for $1500.00. Thereafter, defendant filed for relief under Chapter 7 of the Bankruptcy Code. The issue presented herein is whether or not debtor committed a "willful and malicious" act which caused injury to plaintiff thereby rendering the debt non-dischargeable.

11 U.S.C. § 523(a)(6) provides:

"(a) A discharge under section 727, 1141 or 1328(b) of this title does not discharge an individual debtor from any debt—

(6) for willful and malicious injury by the debtor to another entity or to the property of another entity;"

In determining the dischargeability of a debt, the Court is not confined to the judgment and record in the prior state court proceedings, but may make its own legal conclusion based upon the facts in the immediate case. *Brown v. Felson*, 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979); *Spilman v. Harley*, 656 F.2d 224 (6th Cir. 1981); *In Re Day*, 633 F.2d 214 (6th Cir. 1980). Herein, the default judgment does not state the basis of debtor's liability.

The testimony reveals that a prior relationship between plaintiff and defendant (who is not married) produced a son of whom both parties share custody. The controversy herein concerns a dispute which arose between the parties over defendant's caring for the child.

Prior to the incident in question, plaintiff and defendant's wife exchanged words. Thereafter, defendant confronted plaintiff at a neighborhood bowling alley, grabbed her, and both parties fell to the floor. Defendant testified that he went to the bowling alley only with the intention of telling plaintiff to leave his wife alone, but that "his anger grew" as he entered the premises. Further, defendant testified that he put both hands around plaintiff's neck and told her to leave his wife alone or he would break her neck. As a result of the confrontation, plaintiff suffered back injuries requiring hospitalization and treatment and lost two weeks of work.

The meaning of "willful and malicious" injury as defined under the Bankruptcy Code is the intentional or deliberate doing of a wrongful act without justification which results in harm to the person or property. See *In Re Day*, supra; 3 Collier on Bankruptcy, § 523.16 (15th Ed. 1981). The only feature changed from § 17(a)(2) of the Bankruptcy Act is that the looser standard of "reckless disregard" is now rejected under the Bankruptcy Code, but the necessity of showing the doing of an intentional act is retained.

Herein, it is unrefuted from defendant's testimony that he committed an intentional act without justification which caused injury to plaintiff. Hence, such act was "willful and malicious" excepting the above debt from discharge.

Therefore, the debt owed to plaintiff in the amount of $1500.00 is determined to be non-dischargeable.

SO ORDERED.