### In re Alfred GOMES, Debtor.

### Bankruptcy No. 8100106.

United States Bankruptcy Court,
D. Rhode Island.

April 2, 1982.

---

Leo D. Covas, State Court Receiver, Connors & Kilguss, Providence, R. I., for Alfred C. Gomes.

Russell D. Raskin, Providence, R. I., for debtor.

John Boyajian, Boyajian, Coleman & Harrington, Providence, R. I., Trustee.

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

Heard on the Application for Allowance by Leo D. Covas, Esq. in the amount of $2,621.23 for services rendered and expenses incurred as State Court Wage Earner Receiver, and on the Debtor's objection to the amount of said application.

The undisputed facts of this case are as follows: Attorney Covas was appointed State Wage Earner Receiver by a justice of the Rhode Island Superior Court on August 1, 1978, and a plan of payment was formulated to settle the Debtor's financial obligations.[1] Gomes made a number of payments, but he was apparently unable to continue funding the plan after March 20, 1980. Because of Gomes' inability to make payments, the Superior Court terminated the receivership on October 20, 1980 and allowed the Receiver a fee in the amount of $2,500, although there were apparently no funds available from which the allowance could be paid. The Debtor filed a Chapter 13 petition in this Court on February 19, 1981, and Mr. Covas filed the instant application, contending that the Bankruptcy Court is bound by and must award the same fee granted by the State Court.

Covas also requests the Court to determine that he is a custodian within the definition of 11 U.S.C. § 101(10)(A)[2] and to authorize payment of his fees and expenses as an administrative expense of the estate. 11 U.S.C. § 503(b)(3)(E).[3] Covas' position

---

1. Rhode Island law provides for a state version of a Chapter 13 wage earner petition. *See* R.I.Gen.Laws § 10-18-1 et seq.

2. Section 101(10)(A) defines custodian as a "receiver or trustee of any of the property of the debtor, appointed in a case or proceeding not under this title."

3. § 503. Allowance of administrative expenses.
. . . .
    (b) After notice and a hearing, there shall be allowed, administrative expenses, other than claims allowed under section 502(f) of this title, including—

as court-appointed State Wage Earner Receiver certainly qualifies him as a custodian,[4] and his compensation therefore constitutes an administrative expense.

█ The issues before the Court are: (1) whether the State Court award is res judicata, and (2) if not, what is the reasonable value of the services in question. The fact that Covas' services were of benefit to the estate is undisputed. However, it is also clear that the amount of compensation to which the Receiver is entitled is a matter for determination by the Bankruptcy Court. 11 U.S.C. § 543(c)(2).[5] As a matter of comity, the Court may recognize a presumption in favor of the reasonableness of the State Court allowance, but this Court ultimately must exercise its independent judgment whenever determining compensation payable out of an estate being administered in the Bankruptcy Court. *Hume et al. v. Meyers et al. (In re Piedmont Manganese Corp.)*, 242 F. 827, 830–31 (4th Cir. 1917). *See also In re India Wharf Brewery, Inc.*, 96 F.2d 710 (2nd Cir. 1938); *In re Left Guard of Madison, Inc.*, 11 B.R. 238, 7 BCD 974 (Bkrtcy.W.D.Wis.1981).

An analogy can be made to the Bankruptcy Court's inherent authority to consider evidence extrinsic to the judgment and record of a prior state suit, when determining whether a debt previously reduced to judgment is dischargeable. In *Brown v. Felsen*, 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979), the Supreme Court held that the Bankruptcy Court is not confined to a review of the judgment and record in the prior state court proceeding when determining the dischargeability of a debt if no judicial inquiry has been made into the facts affecting the issue before the Court.

█ Similarly, with regard to the Court's duty under § 543(c)(2) to award receivers reasonable compensation, a prerequisite to any such allowance is a judicial determination that the amount allowed is reasonable in view of the quality and extent of services performed. Here, the Applicant has not shown that the State Court award was based upon any judicial inquiry into the quality and/or extent of services performed. *See generally Dunson v. Lewis (In re Lewis)*, 17 B.R. 341 (Bkrtcy.S.D.Ohio, 1982); *Citibank, N.A. v. Friedenberg (In re Friedenberg)*, 12 B.R. 901, 8 BCD 69 (Bkrtcy.S.D.N.Y.1981); *Murray v. Day (In re Day)*, 4 B.R. 750 (D.C.S.D.Ohio 1980), appeal dismissed 633 F.2d 214 (6th Cir. 1980). Accordingly, the Receiver's objection to review by the Bankruptcy Court is overruled, and the application will be considered here on the merits.

█ The applicant has advanced none, and I see no reason why the compensation of state court appointed people should exceed the compensation allowed in the Bankruptcy Court for the same or similar services. The compensation of officials appointed by either court should be based upon the same criteria, i.e., the time expended, the intricacy of work involved, the size of the estate, and the benefit of the services to the estate. *See In re Marichal-Agosto, Inc.*, 12 B.R. 891 (Bkrtcy.S.D.N.Y.1981); *In re Left Guard of Madison, Inc., supra*. In this case, the services performed by Mr. Covas in the State Court were similar to, although not as extensive as those routinely performed by the Chapter 13 Trustee in Bankruptcy. 11 U.S.C. § 151326(b) provides that a private

. . . .
(3) the actual, necessary expenses, other than compensation and reimbursement specified in paragraph (4) of this subsection, incurred by—
. . . .
(E) a custodian superseded under section 543 of this title, and compensation for the services of such custodian;

4. The definition of custodian includes those functions which are substantially similar to those of a state receiver or trustee. *See* note 2,

*supra*; House Report No. 95–595, 95th Cong. 1st Sess. (1977) 309, 310, U.S.Code Cong. & Admin.News 1978, p. 5787.

5. § 543. Turnover of property by a custodian.
. . . .
(c) The court, after notice and a hearing, shall—
. . . .
(2) provide for the payment of reasonable compensation for services rendered and costs and expenses incurred by such custodian;

trustee supervising a Chapter 13 case may be awarded up to 5 percent of the total payments into the plan. If the instant Chapter 13 case is fully consummated, the maximum fee for the Trustee will amount to $1,675.[6] The Court, of course, in its discretion may reduce this amount. The Attorney for the Debtor requested an allowance in the amount of $1,310. He was awarded $750, payable as follows: one-third forthwith, one-third when the plan accumulates funds sufficient to satisfy one-third of all accepted claims, and the balance upon consummation of the plan.[7] In Chapter 13, where economy is essential, basic fairness and common sense require that the compensation of state appointed court officers should bear some reasonable relationship to that of persons doing the same work in the Federal courts.

Attorney Covas' request of $2,500 exceeds 20 percent of the assets collected and disbursed in the State Court proceeding. Based upon the entire record, together with what I consider to be the applicable law, the maximum value of the services performed by Attorney Covas is $1,000. He is also allowed $121.23 in expenses.

---

**6.** Approximately $33,504 is scheduled to be paid into the plan, and the Trustee is responsible for the proper administration and distribution of that sum.

**7.** Although that order is a departure from the normal practice, I believe that staggered payments are justified by the circumstances. The Trustee has moved to convert the case to Chapter 7 on several occasions because timely payments have not been made. Although I have serious doubt about the plan's eventual consummation, it has been allowed to continue

because creditors would probably receive nothing in liquidation, and counsel for the Debtor vigorously represents that mortgage and other arrearages will be made up, and that future installments will be paid in a timely fashion. Since the creditors have been required to endure inordinate delay based on Mr. Raskin's vigorous opposition to conversion of this proceeding, it is equitable that payment of his fee should also be contingent upon the accuracy of his representations.