**In re ALCON CORPORATION, Debtor.**

**Bankruptcy No. 91–10232.**

United States Bankruptcy Court,
D. Rhode Island.

June 14, 1994.

Jack D. Pitts, Greenville, RI, for debtor.

Louis A. Geremia, Chapter 7 Trustee, Cuzzone, Geremia & Civittolo, Providence, RI.

Kenneth S. Goldworm, State Court Receiver, Warwick, RI.

Anthony G. Mardo, Mardo & LaChapelle, Providence, RI, accountant for debtor.

Office of the U.S. Trustee, Sheryl Serreze, Providence, RI.

## DECISION AND ORDER

ARTHUR N. VOTOLATO, Bankruptcy Judge.

Heard on November 23, 1993, on the applications of: (1) Jack Pitts, attorney for the Debtor, requesting $23,051 in fees and expenses; (2) Mardo & LaChapelle, accountants for the Debtor, in the amount of $12,209; and (3) Kenneth S. Goldworm, Esq., the State Court Receiver, requesting fees and expenses of $5,321.

## BACKGROUND

Alcon Corporation filed its Chapter 11 petition on February 1, 1991. For various reasons the reorganization never really got underway, and on May 15, 1991, Louis A. Geremia, Esq., was appointed Chapter 11 Trustee. On July 12, 1991, the Debtor filed a motion to employ Jack Pitts, Esq., as its attorney,[1] and that request was approved on July 16, 1991. Two disclosure statements were filed by Mr. Pitts on behalf of the Debtor, both were objected to by the United States Trustee for not providing adequate information, and approval of both was denied for the reasons given in the objections. On August 28, 1992, after foundering for fifteen months, the case was voluntarily converted to Chapter 7.

■ Upon conversion, Mr. Geremia became the Chapter 7 Trustee, and with the administration of the Estate complete, he has remaining on hand for distribution approximately $40,000 recovered from a Fleet Bank Dealer Reserve Account. It was the Trustee and the accountant, Anthony Mardo, who deserve credit for locating and recovering the dealer reserve fund, which is the only unencumbered asset of the Estate. This fund will not be sufficient to cover the administrative expense requests in this case, let alone pay a dividend to general unsecured creditors. Strangely, and for reasons incomprehensible to this Court, Mr. Pitts had previously opposed the Trustee's efforts to recover these funds from Fleet Bank. In his written objection, Mr. Pitts stated that, "[s]aid $39,757.28, is contained in a Dealer's Reserve account which, by agreement of the parties prior to any filing for Bankruptcy, belonged to the Bank at their sole discretion. Therefore, said monies being sought do not belong to the bankruptcy estate." (Debtor's Obj. Trustee's Mot. Compel Turnover of Funds, June 7, 1993).[2] This argument heightens our previously expressed concern that the reason Mr. Pitts would advance such a position is to reduce the personal liability of the Debtor's principal, Alan Confreda, whom Mr. Pitts also represents. This appears to be yet another classic example of the risk inherent in *any* departure from or relaxation of the disinterestedness requirements of 11 U.S.C. § 327(a) and Local Bankr.R. 25(A)(2). *See also In re Swansea Consol. Resources, Inc.,* 155 B.R. 28, 35–38 (Bankr.D.R.I.1993). Accordingly, on conflict of interest grounds, we rule that Mr. Pitts is precluded from receiving any compensation in this case. Not only were Mr. Pitts' efforts throughout this case of no benefit to the Estate, but because of his allegiance to his "other client," they were actually intended to be counterproductive to the interests of the Debtor and its creditors.

■ The United States Trustee objects to Mr. Pitts' fee application mainly on the ground that his services produced no benefit for the Estate. Mr. Pitts filed an opposition to the objection and requests sanctions pur-

---

1. There was other counsel of record when the petition was filed. Due to that attorney's disbarment, however, Mr. Pitts became the Debtor's new attorney.

2. If Mr. Pitts had prevailed on his objection, there would be no money in the Estate to pay any of the administrative expenses now being sought.

suant to Rule 9011, alleging that the United States Trustee's objection was not well grounded in fact or law. The Chapter 7 Trustee has also filed a response to Mr. Pitts' opposition to the United States Trustee's objection, and asks that Mr. Pitts be denied all compensation on the ground that his presence in the case only hindered the administration of the Estate.

Mr. Pitts spent approximately 65 hours producing a plan and disclosure statement that were eventually withdrawn, in a case that was voluntarily converted to Chapter 7. The United States Trustee stated in his original objection to Mr. Pitts' fee application that he "found the disclosure statement very incomplete and difficult to understand, which led to a long and detailed objection, and eventually counsel withdrew its disclosure statement and plan." (U.S. Trustee Obj. Applc. Compensation of Debtor's Counsel, Jan. 14, 1992). Of all the services described in Mr. Pitts' fee application, none produced any benefit to the Estate, and this alone could be sufficient ground to deny compensation. *See In re Swansea,* 155 B.R. at 31; *In re Amberg,* 148 B.R. 376 (Bankr.D.Conn. 1992).

■ In addition to the benefit issue, however, in reviewing Mr. Pitts' application, we find that virtually all of the entries lack sufficient detail to adequately assess the nature of the time allotted per task. Failure to properly document time records is also a ground for a significant reduction or denial of the fee requested. *See Grendel's Den, Inc. v. Larkin,* 749 F.2d 945, 952 (1st Cir.1984); *In re Bank of New England Corp.,* 142 B.R. 584, 587 (D.Mass.1992).

Upon consideration of the entire record, the arguments, the pleadings, the United States Trustee's objection, and especially the Chapter 7 Trustee's Response, we conclude that Mr. Pitts is not entitled to any compensation in this case, and accordingly his fee application is DENIED. In addition, we find his request for sanctions against the United States Trustee under Fed.R.Bankr.P. 9011 to be equally without merit, and that is also

DENIED. While sanctions may very well be appropriate *against* Mr. Pitts for filing such a frivolous pleading, we will dismiss this incident with a warning against similar future conduct.

### The Application of Mardo & LaChapelle

■ When we took this matter under advisement, Mr. Mardo was requesting $12,209. He has recently filed an amended application requesting an additional $750 for three Court appearances since the original application was filed. We find that the fees sought by Mr. Mardo are reasonable generally, as well as under the standards set forth in *Swansea,* 155 B.R. 28. Additionally, Mr. Mardo was very helpful to the Trustee in obtaining the dealer reserve funds now on hand, and his efforts have clearly produced a quantifiable benefit for the Estate. Accordingly, the fee application of Mardo & LaChapelle is ALLOWED as filed.

### The Application of Kenneth S. Goldworm, Esq.

■ On October 26, 1990, Mr. Goldworm was appointed State Court Receiver of Alcon Corporation. He served as receiver for three months, until Alcon filed its Chapter 11 petition on February 1, 1991, and on January 7, 1991, received a fee of $7,739.75 in the receivership. Upon the filing of the Chapter 11 case, Mr. Goldworm turned over $4,394 to the Trustee and he is now seeking additional fees of $5,250. The Trustee's total compensation in this case will be approximately $16,600.[3] In *In re Gomes,* 19 B.R. 9 (Bankr. D.R.I.1982), we stated:

> I see no reason why the compensation of state court appointed people should exceed the compensation allowed in the Bankruptcy Court for the same or similar services.... [B]asic fairness and common sense require that the compensation of state appointed court officers should bear some reasonable relationship to that of persons doing the same work in the Federal courts.

*Id.* at 11–12. In reviewing the Superior Court records in the State Court Receiver-

---

**3.** The Trustee has collected and disbursed over $547,500 in both the Chapter 11 and Chapter 7 cases.

ship, comparing the value of his services with those of the Trustee, and considering his accomplishments there, we find that Mr. Goldworm has been more than adequately compensated already, and that additional compensation is definitely not warranted. Accordingly, the application of Kenneth S. Goldworm, Esq., seeking additional compensation in the amount of $5,250 is DENIED.

Enter Judgment consistent with this opinion.