## In re KINGSTON TURF FARMS, INC., Debtor.

**Bankruptcy No. 90–10270.**

United States Bankruptcy Court,
D. Rhode Island.

Jan. 6, 1995.

Andrew Richardson, Boyajian, Harrington & Richardson, Providence, RI, for debtor.

Michael Ursillo, Providence, RI, for Perrault Farms, Inc.

Sheryl Serreze, Office of U.S. Trustee, Providence, RI.

Deena F. Christelis, Cuzzone, Geremia & Civittolo, Providence, RI, for Chapter 7 Trustee.

Joseph Roszkowski, Woonsocket, RI, for trustee.

## ORDER DETERMINING FEES AND REQUIRING DISGORGEMENT

Arthur N. Votolato, Bankruptcy Judge.

Heard on September 1, 1994, on various fee applications, and on the Chapter 7 Trustee's Motion to Disgorge funds prematurely paid to an administrative expense claimant, Perrault Farms.

The relevant facts, as follows, are undisputed: On February 27, 1990, Kingston Turf Farms filed a Chapter 11 petition, and nine months later, on November 6, 1990, the case was converted to one under Chapter 7. With the administration of this nearly five year old case finally complete, the Trustee has $56,356 on hand for distribution. This amount is not sufficient to pay Chapter 7 and all Chapter 11 administrative expenses and requests for compensation, as filed. Because of the statutory priority granted to Chapter 7 adminis-trative claimants in a converted Chapter 11 case, *see* 11 U.S.C. § 726(b), the resulting cash shortfall has (understandably) generated concern among the Chapter 11 professionals in the case.

### DISCUSSION

When first presented with Perrault Farms' request for payment in August 1991, the Chapter 7 Trustee objected to making *any* payment until the administration of the estate was complete, and distribution to *all* administrative expense claimants was in order. Nevertheless, Perrault continued to make aggressive and repeated demands for full payment, until finally, on September 16, 1992, after several conferences and hearings, and after several broken promises by the Trustee that "the case would shortly be in order for closing," we (unwisely, in hindsight) ordered the Trustee to pay Perrault Farms $23,002, the full amount of its Chapter 11 administrative expense claim. After said payment, the case remained open, and mostly idle, for another twenty months. In May 1994, with the administration complete, and after all other fee applications had been filed, it was clear that there were not sufficient funds to pay, in full, all administrative claims, as filed.[1]

Because Perrault Farms has been in possession of 100% of its claim since 1992, and since it is now clear that other Chapter 11 administrative expense claimants will not receive 100% of their filed claims, the Trustee seeks disgorgement by Perrault.

Perrault Farms argues that it will be prejudiced by having to disgorge at this time, because: (1) it has long since used the money; (2) it is itself now in financial difficulty; and (3) the Order allowing payment of its claim is res judicata, final, and no longer subject to modification. All of these arguments are meritless. While Perrault may very well have practical financial problems in coming up with the money at this time, this clearly is not *legal prejudice*. When the payment in question was being sought by Perrault, the Trustee argued strenuously

---

1. $56,356 is available for distribution. Chapter 7 administrative expense claims are $13,719, and Chapter 11 administrative claims come to $97,001, for a total of $110,720.

that this was a converted reorganization case, with the distinct possibility of a Chapter 11 administrative expense cash shortfall. Perrault, being fully informed of the situation, nevertheless repeatedly pressed for, and insisted upon full payment, forthwith, so that any inconvenience it now feels is self-imposed.

We also agree with the United States Trustee's comment that *any* payment received in such circumstances, during the pendency of the case, is a payment "on account," and is always subject to review. *In re Narragansett Clothing Co.*, 160 B.R. 477, 479 (Bankr.D.R.I.1993). Finally, with the total requests as filed, disgorgement is required as a matter of law, just to adhere to the mandatory payment scheme of the Code, i.e., to ensure that all creditors of the same class share pro-rata in the available pool of funds. *See* 11 U.S.C. § 726(b). Accordingly, the Trustee's Motion to Disgorge is GRANTED.

The amount of reimbursement by Perrault depends on the outcome of the pending Chapter 7 and Chapter 11 fee applications, which are addressed below, and determined as follows:

(1) the application of Debtor's counsel, Andrew Richardson, Esq., is ALLOWED as filed, in the amount of $5,970;

(2) the application of Neil Arbor, accountant for the Debtor, is ALLOWED as filed, in the amount of $5,487, with expenses of $108.72;

(3) the application of Mardo & Lachapelle, accountant for the Trustee, is ALLOWED as filed, in the amount of $600;

(4) the application of Louis Geremia, Esq., attorney for the Trustee, is ALLOWED as filed, in the amount of $6,845;

(5) the application of Louis Geremia, Esq., as Chapter 7 Trustee, is ALLOWED as filed, in the amount of $2,829, with expenses of $223;

(6) the application of Edmund Restivo, accountant for the Trustee, is ALLOWED as filed, in the amount of $296;

(7) the application Joseph Roszkowski, Esq., Special Counsel to the Trustee, is ALLOWED in the reduced amount of $1,500, with expenses of $525.

(8) the State Court Receiver, Allan Shine, Esq., who served in that capacity from September 22, 1989, until the Chapter 11 filing on February 12, 1990, requests compensation in the amount of $29,899, and disbursements of $918.[2] This application exceeds the combined requests of all the other professionals in the case. In *In re Gomes*, 19 B.R. 9 (Bankr.D.R.I.1982), we stated:

> I see no reason why the compensation of State Court appointed people should exceed the compensation allowed in the Bankruptcy Court for the same or similar services.... [B]asic fairness and common sense require that the compensation of state appointed court officers should bear some reasonable relationship to that of persons doing the same [or similar] work in the federal courts.

*Id.* at 11–12. In reviewing the Applicant's accomplishments in the State Court Receivership, and comparing the benefit or value of his services with those of the Trustee, we find that the State Court Receiver's compensation should be, *at most*, on a par with the maximum trustee's compensation under 11 U.S.C. § 326(a).[3] Accordingly, the State Court Receiver is awarded $9,000, and expenses of $918, payable out of this bankruptcy estate. Mr. Shine's pre-petition agreement with the petitioning creditors is not before us, and has no bearing on the distribution to creditors in this case. Accordingly, we express no opinion nor make any ruling

---

**2.** The Trustee has informed the Court and parties that when Kingston Turf Farms, Inc. was petitioned into recceivership, approximately $10,000 was placed in escrow by the petitioning creditors with Attorney Joseph Rodio, to compensate the receiver in the event of a shortfall. This $10,000 is not an asset of the estate, and we give it no consideration in our ruling herein.

**3.** The maximum commission to which a Chapter 11 trustee would be entitled under § 326(a) is $8,760. We see no reason why the State Court Receiver should be paid more than three times that amount.

herein as to the $10,000 being held in escrow by Mr. Rodio.

Based on the foregoing findings and conclusions, the total allowed Chapter 11 administrative expense claims are $76,101. The Chapter 7 administrative expenses are $13,554, which by statute, must be paid first. *See* 11 U.S.C. § 726(b).

■ To determine what Perrault should disgorge, we add the $56,356 on hand, to the $23,002 already paid to Perrault, and this is the total amount available for distribution to creditors. From this amount ($79,358), we deduct the allowed Chapter 7 administrative claims ($13,554), and then divide by $76,101 (the total Chapter 11 administrative expenses), to arrive at the dividend rate for Chapter 11 administrative claimants, as follows: (65,804/76,101 × 100% = 86.46929%). Accordingly, Perrault Farms is ordered to disgorge and pay to the Trustee the sum of $3,112, which is the amount it received in excess of its pro-rata share of the funds now available for distribution to Chapter 11 administrative expense creditors.

Enter Judgment consistent with this opinion.