James A. CHUTE, Plaintiff, Appellant,

v.

SEARS ROEBUCK AND COMPANY
and Emerson Electric Company,
Defendants, Appellees.

No. 97–1988.

United States Court of Appeals,
First Circuit.

Heard April 9, 1998.

Decided June 1, 1998.

John F. Kehoe with whom Daly, Kehoe & Crosson, L.L.P. was on brief, for appellant.

David A. Barry with whom William L. Boesch and Sugarman, Rogers, Barshak & Cohen, P.C. were on brief, for appellees.

Before SELYA, Circuit Judge, BOWNES, Senior Circuit Judge, and BOUDIN, Circuit Judge.

BOUDIN, Circuit Judge.

James A. Chute was seriously injured when an unknown object, possibly a piece of wood, struck him below his left eye. The object was thrown by a "Sears Craftsman" radial arm saw operated by his employees. Chute sued the saw's seller, Sears, Roebuck & Co., on theories of negligence and breach of warranty in Massachusetts Superior Court. Sears removed the case to the district court on grounds of diversity, and Chute amended his complaint to add the saw's designer, manufacturer and distributor, Emerson Electric Co, as a defendant.

On June 23, 1997, after six days of trial, the jury gave a verdict for the defendants on all counts, and also answered a set of written interrogatories that the district court had submitted. *See* Fed.R.Civ.P. 49(b). Chute moved for a new trial, arguing that one of the interrogatories so confused the jury that a new trial was required. The district court denied that motion on July 22, 1997. Chute now appeals, focusing primarily on the challenged interrogatory (interrogatory 10).

The district court gave the jury ten interrogatories in all, the last three of which concerned the breach of warranty claim. These latter three queries were to be answered yes or no, and read as follows:

8. Was the radial saw defective as designed and unreasonably dangerous to someone walking or standing nearby while the saw was in operation?

9. If "Yes," was such defective design a proximate cause of Chute's injury?

10. When Chute was injured, was he acting unreasonably when he walked behind the saw without wearing safety goggles, knowing that the saw was defective and dangerous in that a piece of wood might be ejected at him?

The jury answered interrogatory 8 in the negative and did not answer interrogatories 9 and 10. However, Chute argues that the confusing wording of interrogatory 10 and defects in the district court's jury charge constrained the jury's freedom to answer interrogatory 8 affirmatively.

During deliberations, the jury sent the following note to the district court:

If we, the Jury, deem # 8 under breach of warranty as 'No.' Do we have to answer # 10. If we do have to answer # 10 can we strike the last piece of that statement or not answer at all.

We cannot believe Mr. Chute would have knowingly had people working with the saw if he knew it was defective and dangerous.

The district court told counsel that the court intended to tell the jury that if it answered interrogatory 8 negatively, it would not have to answer 9 or 10. The district court also said that it would advise jurors that, should they answer both 8 and 9 affirmatively, they could not strike any portion of 10 but must answer it as written. Neither side objected,

and the district court so instructed the jury. The jury returned its verdict less than twenty minutes later.

Chute argued in his motion for new trial, and reasserts here, that the jury interpreted interrogatory 10 as requiring it to find, or at least assume, that the saw was defective and that Chute was aware of the defect. We know from their note that the jury members were unwilling to make the latter finding. Chute argues that when the judge said that this last part of interrogatory 10 could not be struck, the jury sought a way out of the dilemma by answering interrogatory 8 negatively, which excused it from answering interrogatory 10.

 The trial court has broad discretion in crafting a jury charge and interrogatories, but a new trial may be warranted if the charge is erroneous or tends to confuse the jury on a material issue, provided that objection was made to the district court after the charge and before the jury retired. Fed. R.Civ.P. 51; *O'Connor v. Huard*, 117 F.3d 12, 15 (1st Cir.1997). If a party fails to make a timely objection, the instruction is reviewable for plain error only. *Cordero v. De Jesus–Mendez*, 867 F.2d 1, 5 (1st Cir.1989).

A number of circuits have explicitly held that the plain error exception, interpolated by case law into Rule 51, applies to jury instructions but not to interrogatories.[1] We recently reviewed for plain error a forfeited objection to special verdict questions although an earlier case in this circuit could be read to support—but not squarely to adopt—the contrary position adopted by other circuits. *Compare Clausen v. Sea–3, Inc.*, 21 F.3d 1181, 1196 (1st Cir.1994), *with Bayamon Thom McAn, Inc. v. Miranda*, 409 F.2d 968, 973 (1st Cir.1969).

It is not clear why the plain error exception should be available for jury instructions but not for interrogatories, which are formulated together with instructions and often interlock with them. The answer cannot be Rule 51, the language of which appears to

forbid *any* review of jury instructions absent a timely objection but does not say anything specific about interrogatories. We see no reason for a flat rule that an error in interrogatories can never be reviewable under the plain error doctrine, although that standard is very difficult to meet, especially in civil cases.

 The four-part standard for plain error review articulated in *United States v. Olano*, 507 U.S. 725, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993), although framed in a criminal case, is normally followed in civil cases as well. *See, e.g., Pimentel v. Jacobsen Fishing Co.*, 102 F.3d 638, 640 (1st Cir.1996). If anything, the standard deserves more stringent application to civil jury instructions given Rule 51's notably explicit warning of a need to object; unlike objections to evidence, jury instructions are not spur-of-the-moment matters. In all events, under *Olano*, the court of appeals will consider a forfeited objection only if an error was committed, if the error was "plain" (*i.e.* clear under current law), if the error was prejudicial, and if review is needed to prevent a miscarriage of justice. *Id.* at 733–37, 113 S.Ct. at 1777–80.

The notion that interrogatory 10 contains an "error" at all is at best debatable. If one focuses solely on the words used, the interrogatory appears to contain as an assumption a factual assertion clearly disputed by the defendants, *i.e.*, that the saw was defective, and another disputed by the plaintiff, *i.e.*, that Chute knew of the defect. But when read in conjunction with the jury instructions, arguably the jury should have understood that interrogatory 10 was conditional— to be reached only if the jury found a defective design and proximate causation under interrogatories 8 and 9.

This is clearer once one reads the instructions and learns the reason for interrogatory 10. Its purpose, if the jury found for the plaintiffs as to defect and causation, was to require the jury to decide whether the defendants had made out an affirmative defense

---

1. *See AG Sys., Inc. v. United Decorative Plastics Corp.*, 55 F.3d 970, 973 (4th Cir.1995); 9A C. Wright & A. Miller, *Federal Practice and Procedure* § 2508, at 191 & n.10 (2d ed.1995) (citing cases). *But see Wren v. Spurlock*, 798 F.2d 1313, 1320 (10th Cir.1986) (applying plain error review); *Arnott v. American Oil Co.*, 609 F.2d 873, 889 (8th Cir.1979) (same), *cert. denied*, 446 U.S. 918, 100 S.Ct. 1852, 64 L.Ed.2d 272 (1980).

set forth in detail in the instructions: that "the plaintiff in a warranty action ... may not recover if ... after discovering the product's defect and being made aware of its danger, he nevertheless proceeded unreasonably to make use of the product and was injured by it." *Correia v. Firestone Tire & Rubber Co.*, 388 Mass. 342, 446 N.E.2d 1033, 1041 (1983).

The jurors were obviously uncertain whether interrogatory 10 was contingent, but the district court answered this question by informing them that it was. We have no reason to think that the jury then ignored the court's instructions to resolve interrogatories 8 and 9 first and address 10 only if it found for the plaintiff on those first questions. Whether or not in this context the original interrogatory was "error" at all (still less "plain error") does not matter: it is enough that the clarification removes any reason for thinking that the jury was misled or the plaintiff prejudiced.

This exercise demonstrates why courts are so unlikely to reverse decisions in civil cases based on unpreserved claims of error in jury instructions or interrogatories. In an era of crowded dockets, the idea that the case should be retried because of an awkwardly-drafted interrogatory when counsel had ample opportunity to straighten the matter out is insupportable in any other than the most rare and extreme case. Although Chute's counsel suggested at oral argument that he did preserve the objection, the transcript pages later supplied to us provide something less than a clear-cut objection to interrogatory 10 on the ground now asserted.

■ Chute presents two further arguments as to why interrogatory 10 is defective. One is even less likely to be prejudicial error and was also not raised in the district court, so it is covered by our preceding discussion. The other claim is that the affirmative defense of unforeseeable misuse, to which interrogatory 10 intended to refer, was not accurately stated under Massachusetts law. Since the jury did not reach the issue after the district court's clarification, any such misdescription was patently harmless.

■ Two points remain. The first is an objection, preserved at trial, that opinion testimony given by an expert witness lacked foundation. We think that allowing the question was within the district court's discretion, but in any event we regard the answer as little more than a rephrasing of an earlier scientific answer that the expert was unquestionably allowed to give. The second alleged error, relating to interrogatory 8, was not only forfeited below but also omitted from Chute's opening brief in this court and presented for the first time in his reply. We decline to address it. *See Nichols v. Cadle Co.*, 139 F.3d 59, 64 (1st Cir.1998).

*Affirmed.*