**In re James A. CHUTE, Debtor.**

**Bankruptcy No. 94–17213–WCH.**

United States Bankruptcy Court,
D. Massachusetts,
Eastern Division.

July 7, 1999.

Marshall M. Schribman, Boston, MA, for Valeriano Diviacchi.

Michael B. Feinman, Law Offices of Michael B. Feinman, Andover, MA, for Chapter 7 Trustee.

## DECISION ON TRUSTEE'S MOTION TO COMPEL DISGORGEMENT

WILLIAM C. HILLMAN, Chief Judge.

### I. Introduction

The matter before the Court is the Trustee's Motion to Compel Disgorgement (the "Motion"). By the Motion, the Chapter 7 Trustee (the "Trustee") seeks to disgorge the fees previously paid to special counsel because the case has become administratively insolvent. For the reasons set forth below, I will deny the motion.

## II. Factual Background

On November 9, 1994, James Chute (the "Debtor") filed for relief under Chapter 7 of the Bankruptcy Code (the "Code") and the Trustee was appointed. Thereafter, I approved the Trustee's application to employ attorney Valeriano Diviacchi ("Diviacchi") as special counsel to prosecute a legal malpractice claim on behalf of the estate. In his application, the Trustee explained that Diviacchi's compensation would be a contingency fee of one-third of any amounts recovered plus expenses.

Diviacchi pursued the case and successfully negotiated a settlement in the amount of $12,500.00. On October 17, 1995, upon the Trustee's motion, I approved the settlement. On November 15, 1995, I approved Diviacchi's application for compensation in the requested amount of $4,409.67. The Trustee subsequently paid that amount to Diviacchi.

Also during the pendency of the case, the Trustee retained a second special counsel to prosecute a personal injury claim on behalf of the estate. As in the legal malpractice matter, the Trustee retained this special counsel on a contingency fee basis. After a trial in the United States District Court for the District of Massachusetts, the jury returned a verdict in favor of the defendants. See Chute v. Sears Roebuck & Co. et. al., 143 F.3d 629 (1st Cir.1998). Because the case involved significant discovery and the employment of experts, expenses amounted to $29,-160.20, which I allowed as an administrative expense. In addition, I allowed the personal injury case defendants' administrative expense claim in the amount of $4,254.98 as a result of their entitlement to costs under Fed.R.Civ.P. 54(d)(1). In to-

tal, allowed administrative claims presently exceed $36,000, according to the Trustee. In comparison, the Debtor's estate contains only $7,982.98 and, thus, is administratively insolvent. In order to provide all administrative claimants with a pro rata share of the estate, the Trustee asks this Court to disgorge $3,115.01 of Diviacchi's $4,409.67 fee.[1]

## III. Discussion

■ The issue of disgorgement of professional fees most often arises when, as in the present case, the assets of an estate prove to be insufficient to fully reimburse all administrative claimants.[2] In support of his argument, the Trustee relies on 11 U.S.C. § 726(b). That section provides, in relevant part: "Payment on claims of a kind specified in paragraph (1), (2), (3), (4), (5), (6), (7), or (8) of section 507(a) of this title ... shall be made pro rata among claims of the kind specified in each such particular paragraph...."

■ I agree that it is within the bankruptcy court's power to order disgorgement of professional fees in order to achieve a pro rata distribution to administrative claimants in administratively insolvent cases. See Matz v. Hoseman, 197 B.R. 635, 639–40 (N.D.Ill.1996). Courts addressing this issue have differed only as to whether disgorgement is mandatory or discretionary in such a circumstance. Some courts have held that the Code requires that professional fees be disgorged in administratively insolvent cases. See, e.g., In re Kingston Turf Farms, 176 B.R. 308, 310 (Bankr.D.R.I.1995) ("[D]isgorgement is required as a matter of law, just to adhere to the mandatory payment scheme of the Code, i.e., to ensure that all credi-

---

1. The Court does not fully comprehend the Trustee's calculations. Assuming their accuracy, however, if a redistribution is ordered to achieve equality among all administrative claimants, it appears that each claimant would be entitled to approximately 29% of their allowed claims.

2. The conversion of a Chapter 11 bankruptcy to a Chapter 7 adds another wrinkle to this troublesome issue. Upon conversion, Chap-

ter 7 professionals are entitled to priority over Chapter 11 professionals, see 11 U.S.C. § 726(b), and thus, courts have ordered disgorgement, not merely to achieve a pro rata distribution among all administrative claimants, but to pay Chapter 7 professionals in full at the expense of the Chapter 11 professionals. See, e.g., In re Lochmiller Industries, 178 B.R. 241, 251 (Bankr.S.D.Cal.1995).

tors of the same class share pro-rata in the available pool of funds."); *Guinee v. Toombs (In re Kearing)*, 170 B.R. 1, 8 (Bankr.D.C.1994) (refusal to order disgorgement "would be to ignore the plain meaning of § 726(b) and to unjustly award certain administrative claims of professionals a 'superpriority' status that is not mandated by the Code.").

A majority of courts, however, take the view that, because the Code does not expressly mention disgorgement, the question is left to the discretion of the bankruptcy court. *See, e.g., United States v. Boston Shipyard Corp.*, 1993 WL 370629, at *3 (D.Mass. Sept. 13, 1993) (agreeing with the majority of courts which "have discussed the appropriateness of granting such relief in discretionary terms"); *United States v. Schottenstein, Zox & Dunn et al. (In re Unitcast, Inc.)*, 219 B.R. 741, 753 (6th Cir. BAP 1998) ("[D]isgorgement is a remedy within the discretion of bankruptcy judges as the final arbiters of professional fee requests."); *In re Anolik*, 207 B.R. 34, 37 (Bankr.D.Mass.1997) ("The court's discretion to determine the propriety of disgorgement of previously paid administrative claims must be applied on a case by case basis.").

 While I agree with the Trustee that, as a general rule, administrative claimants in administratively insolvent cases should receive the proceeds of the estate on a pro rata basis, there are circumstances under which disgorgement would not be warranted. Such circumstances exist here. The Trustee engaged Diviacchi on a contingency fee basis. Diviacchi successfully brought funds into the estate. The Trustee, perhaps improvidently, sought and obtained court approval of Diviacchi's fees and expenses immediately following the resolution of the litigation. Under these circumstances, I find that it would be inequitable to now disgorge Diviacchi's compensation. Furthermore, the potential for

disgorgement might have a chilling effect on a Chapter 7 trustee's ability in the future to retain special counsel to prosecute claims on behalf of the estate. *Cf. In re Lochmiller Industries*, 178 B.R. at 247–49 (policy considerations guide against disgorging payments made to trade creditors in a Chapter 11 reorganization). Diviacchi is certainly not alone in his viewpoint when he states: "Had Movant ever revealed to the Attorney that there were circumstances under which the Attorney, if successful, would nevertheless be denied the major part of his fee ..., the Attorney would never have accepted the position as Movant's special counsel."[3] Accordingly, I conclude that Diviacchi's contingency fee and expenses are not subject to disgorgement as a result of the administrative insolvency of the Chapter 7 estate.

### IV. *Conclusion*

For the foregoing reasons, the Motion is denied.

---

**3.** Opposition of Valeriano Diviacchi, Esq. to Motion of Chapter 7 Trustee to Compel Disgorgement of Professional Fees and Expenses.