In re CHARLIE ALTMAN PONTIAC–CADILLAC–GMC, INC., Debtor.

Bankruptcy No. 81–05255.

United States Bankruptcy Court,
N. D. Alabama.

Aug. 24, 1982.

Andre M. Toffel, Birmingham, Ala., Trustee.

Robert D. McWhorter, Jr., Gadsden, Ala., for applicant.

ORDER ON APPLICATION FOR IMMEDIATE PAYMENT OF ADMINISTRATIVE EXPENSES TO CREDITOR

L. CHANDLER WATSON, Jr., Bankruptcy Judge.

At a hearing on the application of Rental Uniform Service for immediate payment of its administrative claim, at Gadsden, Alabama, on August 4, 1982, with only the

attorney for the applicant appearing before the Court, the Court was informed that the trustee was ill and unable to appear and desired to submit the matter to the Court for a ruling based on the grounds stated in the objection to the creditor's application which he had filed; and, after counsel for the applicant presented argument for allowance of the application, the matter was submitted to the Court for a ruling. From the application, the objection to the application, and other materials on file in the official record of the above-styled case, the bankruptcy judge finds as follows:

1. The above-styled case was filed as a case under Chapter 11 of Title 11, United States Code, on September 3, 1981, and converted to a case under Chapter 7, Title 11, United States Code, on December 8, 1981.

2. The claim of the applicant, Rental Uniform Services, was allowed, by order of this Court dated June 30, 1982, as a priority claim in the above-styled case.

3. The claim by the applicant is based on services provided by the applicant while the debtor was a debtor under Chapter 11, Title 11, United States Code.

4. The trustee in the above-styled case has not made any regular disbursements on claims, priority or otherwise, filed in said case.

5. It has not been determined whether there will be sufficient assets in the above-styled case to pay all administrative claims.

## CONCLUSIONS OF LAW

Administrative claims accruing while a case is pending under Chapter 11, Title 11, United States Code, are entitled to payment before general unsecured claims, pursuant to Section 507 of that title. However, in the event that a case under Chapter 11 is converted to a case under Chapter 7 of the Bankruptcy Code, Section 726(b) calls for payment of the administrative expenses incurred after conversion before payment of those incurred before conversion. The order of payment is absolute; that is, all claims of one class must be paid before any part of any claim of the class next in priority may be paid. The same provision of

Title 11 establishes that payments within a class shall be paid on a pro rata basis if there are insufficient assets to pay all claims within that class. It is evident that the amount to be paid on any one claim is dependent upon the relationship between the dollar amount of assets available to pay claims and the dollar amount of allowed claims in the same or a higher priority class. It would therefore be inequitable, and, perhaps impermissible, to allow a present full payment of a claim which might otherwise not be paid in full, thereby reducing the number of assets available to pay higher priority claims. The application is due to be denied.

## ORDER

In view of the foregoing, it is ORDERED by the Court that the application by Uniform Rental Services for immediate payment of its administrative claim in the above-styled case is denied, and that a copy of this order shall be sent through the United States mails to each of the following (which shall be sufficient service and notice hereof): the debtor's attorney, the applicant, its attorney, the trustee, and the United States trustee.