**In re GRIGG CLOTHING COMPANY, f/d/b/a Grigg's Clothing and Sports Center, Debtor.**

**Bankruptcy No. 483–00042.**

United States Bankruptcy Court, D. South Dakota.

Aug. 5, 1986.

William P. Westphal, Minneapolis, Minn., U.S. Trustee pro se.

James A. Craig, Craig, Harris & Nichols, Sioux Falls, S.D., Trustee pro se.

## MEMORANDUM DECISION

PEDER K. ECKER, Bankruptcy Judge.

This matter comes before the Court on the motion of the United States Trustee pursuant to Bankruptcy Rule X–1009 in support of the Chapter 7 Trustee's proposed pro rata distribution among administrative claimants in the above-captioned case.

This case was filed under Chapter 11 and later converted to a case under Chapter 7. James A. Craig, a Sioux Falls attorney, was appointed as the Chapter 7 Trustee. There was little or no activity in the case except for the mailing of the notice of the Section 341 meeting. Total administrative expenses in the case were $121.42; Bankruptcy Clerk's office fees totaled $60.50 of that amount. Total receipts in the case, however, only added up to $60.92.

The Chapter 7 Trustee proposed a pro rata distribution among all of the administrative claimants, including the Bankruptcy Clerk's office, of 50.17 percent.

The question is whether the Bankruptcy Clerk's fees must be paid in full before any payment is made to other administrative claimants in minimal asset cases when expenses exceed receipts.

Section 507(a)(1) of the Bankruptcy Code gives a first priority to administrative expenses "and any fees and charges assessed against the estate" by the Clerk. The Trustee's compensation and reimbursable expenses have always been regarded as administrative expenses without the necessity of a separate application by the Trustee under Section 503.

Section 726(b), in turn, provides:

Payment on claims of a kind specified in paragraph (1), (2), (3), (4), (5), or (6) of section 507(a) of this title, or in paragraph (2), (3), (4), or (5) of subsection (a) of this section, shall be made pro rata among claims of the kind specified in a particular paragraph....

The question of whether Clerk's fees have priority over other administrative expenses when there are insufficient funds to pay all administrative claims in full appears to be one of first impression. The courts have analyzed other types of administrative claims and concluded that all administrative claims are equal under the statute. In the case of *In re IML Freight, Inc.*, 52 B.R. 124 (Bkrtcy.D.Utah 1985), the Utah Bankruptcy Court, in deciding to what extent professional persons employed in a superseded Chapter 11 case should be paid in such a situation, concluded that "if there are insufficient funds to pay all of the ... administrative expenses in full, all claimants must share pro rata in the available funds." *Id.* at 135. This conclusion was based upon a detailed examination of the history of the various acts and amendments which underpin our current bankruptcy law.

Likewise, the Utah Bankruptcy Court elaborated on this general principle in another case concerning professional fees in a superseded Chapter 11 where there were inadequate funds to pay all administrative claims:

Administrative claimants may run the risk of nonpayment or partial payment whenever there is an adequate protection shortfall under Section 507(b), superpriority borrowing under Section 364, or conversion of the case and subordination of Chapter 11 administrative expenses

under Section 726(b). These risks are well-known to experienced bankruptcy practitioners....

Congress also recognized the problem: "[I]n every case there is the uncertainty that the estate will have sufficient property to pay administrative expenses in full." 124 Cong.Rec. H11,092 (daily ed. Sept. 28, 1978) (remarks of Representative Edwards), *reprinted in* 1978 U.S.Code Cong. & Ad.News 5787, 6512–13. But there is no mention in the Code of any special treatment for Bankruptcy Clerk's fees such as those in the instant case. This Court, therefore, concludes that the claim of the Bankruptcy Clerk's office for fees should be paid on a pro rata basis with the other administrative claims in the instant case.

Accordingly, based on the foregoing, this Memorandum Decision constitutes the Court's Findings of Fact and Conclusions of Law pursuant to Bankr.R.P. 7052 and 9014. Mr. Craig should submit his proposed distribution and a proposed order forthwith.