**In re Ronald W. RITTENHOUSE,**

**and**

**Steven L. Rittenhouse, Dorothy I. Rittenhouse, Debtors.**

**Bankruptcy Nos. 3–84–01057, 3–84–01056.**

United States Bankruptcy Court, S.D. Ohio, W.D.

Jan. 20, 1987.

James R. Warren, Springfield, Ohio, Trustee.

Charles W. Ewing, Columbus, Ohio, for debtor.

**DECISION AND ORDER**

ON ATTORNEY FEES

WILLIAM A. CLARK, Bankruptcy Judge.

This matter came before the court for hearing on November 7, 1986 upon a mo-

tion of the trustee and the application of debtors' attorney for fees. The trustee moved that the court determine the fees payable to debtors' attorney, order funds held in trust for attorney fees to be paid to the trustee, and overrule the attorney's request directing the trustee to pay fees to attorney for debtors.

The facts as presented in the application, motion, and as stated and stipulated at the hearing indicate that prior to the conversion of this case from a chapter 11 case to a chapter 7 case, Ronald W. Rittenhouse, debtor, paid $3,605.30 to Charles W. Ewing Co., L.P.A., attorney for debtor in possession, and that Steven L. Rittenhouse and Dorothy I. Rittenhouse paid $3,600.00 to Charles W. Ewing Co., L.P.A. for attorney fee. The attorney for the debtor in possession has retained said funds in trust to be applied to fees upon approval by the court. The funds paid by the debtors were the result of net crop proceeds for the 1985 crop harvested.

The trustee relies upon 11 U.S.C. § 542 as the basis for his motion that the funds held in trust for attorney fees be paid to the chapter 7 trustee and requests the court to determine the amount of the attorney fee to be allowed for legal services to applicant.

Counsel for debtors maintains that the funds in his hands are not funds of the bankruptcy estate because they were designated attorney fees and held for several months pending approval of the Fee Application, which was filed September 22, 1986 following the conversion of the case from a Chapter 11 case to Chapter 7 case on May 21, 1986. Counsel claims that the funds held are post-petition administrative costs in the Chapter 11 case to be given priority classification among claims. He further requests an order directing the trustee to pay unpaid counsel fees at such time as the fees are allowed and there are funds from which such allowed fees may be paid.

Neither the trustee nor the counsel for the debtors has addressed the provisions of 11 U.S.C. § 726(b) which provides as follows:

(b) Payment on claims of a kind specified in paragraph (1), (2), (3), (4), (5), or (6) of section 507(a) of this title, or in paragraph (2), (3), (4), or (5) of subsection (a) of this section, shall be made pro rata among claims of the kind specified in each such particular paragraph, except that in a case that has been converted to this chapter under section 1112 or 1307 of this title, a claim allowed under section 503(b) of this title incurred under this chapter after such conversion has priority over a claim allowed under section 503(b) of this title incurred under any other chapter of this title or under this chapter before such conversion and over any expenses of a custodian superseded under section 543 of this title.

11 U.S.C. § 726(b)

This section as construed by numerous cases provides a post-conversion priority to Chapter 7 administrative expenses over the priority position of Chapter 11 administrative expenses. It is well recognized that when a Chapter 11 case has been converted to Chapter 7 case, Chapter 7 administrative expenses are entitled to a priority for the so-called "burial expenses" to provide an incentive to encourage capable trustees and professionals to act in superseding cases. *In re Codesco, Inc.*, 18 B.R. 225, 227 (Bankr.S.D.N.Y.1982). *See also In re Price Chopper Supermarkets, Inc.*, 19 B.R. 462 (Bankr.S.D.Cal.1982); *In re Blanton-Smith Corp.*, 44 B.R. 73 (Bankr.M.D. Tenn.1984); *In re Kaleidoscope of High Point, Inc.*, 56 B.R. 562 (Bankr.M.D.N.C. 1986).

Counsel has cited to the court cases in support of the granting of such fees. The Court has reviewed the significant case of *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974) which enumerates twelve considerations to be considered in the analysis and award of attorney fees in *Cle-Ware Industries, Inc. v. Sokolsky*, 493 F.2d 863 (6th Cir.1974) which lists ten factors of a similar nature for the use of the court in fee award matters.

While the court is sympathetic with counsel for the Chapter 11 debtor-in-possession and efforts made to accomplish a reorganization, the relief requested by such attorney is proscribed by the provisions of 11

**612**

U.S.C. § 726(b). When the result of the liquidation under Chapter 7 is completed, the court will review the application for fees of the attorney for the former debtors in possession in its priority position which is subordinate to the administrative expenses of the Chapter 7 case.

Having reviewed the itemized time sheets contained in Exhibit A of the application the court is convinced that considerable necessary work was performed by counsel during the course of the Chapter 11, that such work was reasonable in time as to the services rendered. The court, therefore, determines that the amount of attorney fees and expenses allowable is $6,011.46 for the Ronald W. Rittenhouse case and $5,564.25 for Steven and Dorothy I. Rittenhouse Chapter 11 case. Such fees are payable at the conclusion of the Chapter 7 liquidation to the extent funds are available following the payment of administrative expenses in the Chapter 7 case.

At the request of counsel, the court has reviewed the decision of the honorable Walter J. Krasniewski in the Order Fixing Attorney Fees and Expenses in the unreported case of *In re Joseph Lee Sly*, 77 B.R. 115, Bankruptcy Court, Northern District, Western Division, Ohio dated October 20, 1986. That ruling is distinguishable from the instant case in that the fees were granted in due course following the confirmation of a Plan of Reorganization under Chapter 11. As a matter within a Chapter 11 case the decision is consistent with the action taken in this case involving a conversion from Chapter 11 to Chapter 7.

The court ORDERS that Charles W. Ewing turn over to James R. Warren, Trustee, all of the funds retained in trust for attorney fees in the amount of $3,605.30 and $3,600.00 for the respective Rittenhouse cases. Such funds are to be held as a part of the bankruptcy estate and subject to distribution as further ordered by the court.

IT IS SO ORDERED.