**In re NORTH BAY TRACTOR, INC., Debtor.**

**Bankruptcy No. 1–87–00160.**

United States Bankruptcy Court, N.D. California.

*Jan. 26, 1996.*

David N. Chandler, Santa Rosa, CA, for Debtor.

### MEMORANDUM OF DECISION

ALAN JAROSLOVSKY, Bankruptcy Judge.

### I. Introduction

This case was originally commenced as a Chapter 11 case in 1987. The debtor immediately requested appointment of a trustee, and William B. Grover was appointed Chapter 11 trustee. He labored with the case for over two years, dealing with many problems including serious environmental issues. The case was converted to Chapter 7 on his motion in 1989, when he saw that his efforts to confirm a plan of reorganization would not be successful. To date, Grover has received no compensation.

David Chandler was the debtor's counsel. He worked with Grover and his counsel while the case was in Chapter 11 to keep the debtor operating and assisted in efforts to reorganize. Chander asked for compensation in the total amount of $12,207.50, which has been allowed. He received a prepetition

retainer of $5,500.00 to secure his fees, so the unpaid balance is $6,707.50.

There were no objections raised to the reasonableness of Chandler's fees. However, Grover pointed out that because of the retainer Chandler had already received 45% of his total fees, whereas Grover had not been paid anything. Grover further pointed out that the estate is administratively insolvent, so that he will receive only about 25% of his allowed fees, and even less if Chandler is paid anything further. Grover accordingly asked the court to order that Chandler not be paid anything further on account of his allowed fees unless and until the other Chapter 11 administrative claimants received 45% of their fees.

The court provisionally sustained Grover's position, but left the door open for Chandler to seek reconsideration. Now before the court is Chandler's motion to reconsider. He argues that the unpaid portion of his fees must be paid pro rata with the other Chapter 11 administrative expenses without any modification on account of his retainer. Grover and the U.S. Trustee oppose the motion.

II. Statutory Analysis

■ Both Chandler and Grover have administrative expense claims pursuant to section 503(b)(2) of the Bankruptcy Code. These claims have first priority pursuant to section 507(a)(1) and section 726(a)(1). However, the modification set forth in section 726(b) is applicable. That section provides, in pertinent part:

Payment on claims of a kind specified in paragraph (1) ... of section 507(a) ... shall be made pro rata among claims of the kind specified in each such particular paragraph, except that in a case that has been converted to [chapter 7 from chapter 11] a claim allowed under section 503(b) of this title incurred ... after such conversion has priority over a claim ... incurred ... before such conversion. . . .

The issue here is the meaning of the term "claim" in section 726(b). Chandler argues that his claim is the unpaid balance of his fees; he is entitled to a pro rata share based on this amount, regardless of the fact that he received a retainer. Grover argues that

"claim" as used in section 726(b) means Chandler's total allowed fees, so that he is not entitled to anything more until the other claimants of equal priority have recovered the same percentage of their fees as Chandler has already been paid by virtue of his retainer.

■ From a strictly statutory standpoint, it appears that Grover has the stronger argument. Chandler's retainer is the type which remains property of the estate. *Indian Motocycle Assoc. v. Mass. Housing Finance Agency,* 66 F.3d 1246, 1255 (1st Cir. 1995); *In re Prudhomme,* 43 F.3d 1000, 1004 (5th Cir.1995). The attorney's interest in such a retainer is in the nature of a security interest, assuring the attorney of a minimum fee in the case. *In re Matthews,* 154 B.R. 673, 677 (Bkrtcy.W.D.Tex.1993); *In re Viscount Furniture Corp.,* 133 B.R. 360, 367 (Bkrtcy.N.D.Miss.1991); *In re K & R Mining, Inc.,* 105 B.R. 394, 398 (Bkrtcy.N.D.Ohio 1989). However, the entire amount of the fees, and not just the amount the attorney seeks over and above the retainer, are subject to review and award pursuant to section 330 of the Code. *In re Mondie Forge Co.,* 154 B.R. 232 (Bkrtcy.N.D.Ohio 1993); *In re McDonald Bros. Const., Inc.,* 114 B.R. 989, 1000 (Bkrtcy.N.D.Ill.1990). Section 503(b)(2) provides that an administrative expense shall be allowed for "compensation and reimbursement awarded under section 330(a)".

Chandler properly sought approval of all his fees pursuant to section 330(a), and they were allowed. Pursuant to section 503(b)(2), this is the amount of his claim. The fact that part of these allowed fees was secured by his retainer is irrelevant, as the definition of "claim" includes both secured and unsecured portions. See section 101(5) of the Code. The court therefore finds, for purposes of distribution pursuant to section 726(b), that Chandler's "claim" is the gross amount awarded and not the net after deduction of his retainer.

III. Equitable Analysis

While an equitable analysis is not necessary considering the statutory analysis above, the court considers it important to note that the result achieved by statutory construction is also the only fair result.

Although the parties here do not urge it, there is an argument that since the retainer is property of the estate the attorney must disgorge the retainer so that other claimants of equal priority receive equal dividends. See, e.g., *In re Kingston Turf Farms, Inc.,* 176 B.R. 308 (Bkrtcy.D.R.I.1995); *In re Rittenhouse,* 76 B.R. 610 (Bkrtcy.S.D.Ohio 1987); Cf. *In re Printing Dimensions, Inc.,* 153 B.R. 715, 719 (Bkrtcy.D.Md.1993). However, such a rule would undermine the purpose of retainers and chill the willingness of many professionals to undertake representation of Chapter 11 debtors.

On the other hand, the result urged by Chandler here is equally unfair. It makes no sense for Chandler to recover 65% of his total fees while Grover recovers only 20%, just because Chandler had access to the debtor just before it filed its petition. The fees of both were earned postpetition and are entitled to equal priority. Neither benefitted the estate more than the other. To the maximum extent possible, without compelling disgorgement, they should receive equal dividends.

■ Professional fees are different from other claims. Bankruptcy courts have considerable discretion in the awarding of fees. *Southwestern Media, Inc. v. Rau,* 708 F.2d 419, 422 (9th Cir.1983); *Matter of Lawler,* 807 F.2d 1207, 1211 (5th Cir.1987). In this case, fairness to the other professionals dictates that Chandler not receive further funds at this time.

IV. Conclusion

Pursuant to section 726(b), Chandler is not entitled to be paid a higher dividend than other claimants of equal priority. For purposes of that statute, his claim is the entire amount allowed by the court pursuant to section 330(a) and not just the balance remaining after deduction of the retainer.

While Chandler will not be required to disgorge any of his retainer into the estate, he may not receive any further payment unless and until the other claimants of equal priority have been paid a percentage equal to the percentage of his total fee covered by the retainer.

Chandler's motion for reconsideration will accordingly be denied. The U.S. Trustee shall submit an appropriate form of order.