**In re SPECKER MOTOR SALES COMPANY, Debtor.**

No. SM 97–90180.

United States Bankruptcy Court, W.D. Michigan.

Feb. 26, 2003.

Donald W. Bays, Osstyn, Bays, Ferns & Quinnell, Marquette, MI, for Debtor.

Michael I. Conlon, Running, Wise, Ford & Phillips, PLC, Traverse City, MI, for James W. Boyd, trustee.

## OPINION DETERMINING ADMINIS-TRATIVE INSOLVENCY AND DISGORGEMENT

JO ANN C. STEVENSON, Bankruptcy Judge.

This matter comes before the Court on the Debtor's Motion for Determination Regarding Administrative Insolvency and Disgorgement. Although we find that Debtor's Counsel must disgorge the interim fees paid to him in the Chapter 11 so that they can be distributed pro rata among all Chapter 11 administrative claimants, we compliment counsel on both sides for their professionalism in handling this matter. We realize that each party had strong feelings regarding this issue and their ability to treat each other as worthy opponents and professionals is to be commended.

Specker Motor Sales Co. (Debtor) filed bankruptcy under Chapter 11 on March 18, 1997. Counsel for the Debtor, Donald W. Bays was paid a retainer of $10,000 which was approved by the Court along with his employment on April 21, 1997. Thereafter, Debtor's counsel was also allowed additional fees and costs of $7,343.10 which were never paid.

Prior to the submission of a plan, the Debtor filed a Motion to Sell All Assets. A hearing took place and an Order for Sale was entered on June 24, 1997. Once the assets were sold the United States Trustee filed a Motion to Convert to Chapter 7. This Motion was granted on September 24, 1997, and a Conversion Order was entered that same day.

Shortly thereafter, the Trustee filed a Notice of Final Account indicating that the estate was administratively insolvent due to outstanding tax debt and other administrative expenses including the United States Trustee's fees. The Notice required Debtor's counsel to disgorge $9,026.59 of his retainer in order to distribute that amount pro rata among the other Chapter 11 administrative claimants. Since no objection was received to the Notice, the Court entered the order approving the proposed distribution on August 5, 2002. The Debtor filed a Motion for Reconsideration on August 16, 2002. The United States Trustee, the Internal Revenue Service and the State of Michigan all objected to the Motion for Reconsideration and on December 16, 2002, the Debtor filed the Motion for Determination Regarding Administrative Insolvency and Disgorgement that is now before us.[1]

■ 11 U.S.C. § 726(b) states:

Payment on claims of a kind specified in paragraph (1), (2), (3), (4), (5), (6), (7), or (8) of Section 507(a) of this title, or in paragraph (2), (3), (4), or (5) of subsection (a) of this section, shall be made pro rata among claims of the kind specified in each such particular paragraph, except that in a case that has been converted to this chapter under section 1009,* 1112, 1208, or 1307 of this title, a claim allowed under Section 503(b) of this title incurred under this chapter

---

1. According to the United States Trustee's Brief in Support of the Response to Debtor's Motion for Determination Re: Administrative Insolvency and Disgorgement, the parties have agreed to forego the argument that the

Notice of June 13, 2002 was insufficient to bind the attorney for the Debtor and that the Motion for Reconsideration was untimely, in order to allow the Court to reach the merits of the issue.

after such conversion has priority over a claim allowed under section 503(b) of this title incurred under any other chapter of this title or under this chapter before such conversion and over any expenses of a custodian superseded under section 543 of this title.

The rule provided in § 726(b) is a simple one. When a Chapter 11 case is converted to one under Chapter 7, the Chapter 7 administrative expenses have a priority of payment over the Chapter 11 administrative expenses. Once the Chapter 7 expenses have been paid in full, Chapter 11 administrative expenses are paid. If the estate cannot pay all Chapter 11 administrative expenses in full, they are paid pro rata.

Professionals employed in the bankruptcy area are placed on notice of the § 726(b) distribution scheme by holding themselves out as having a working knowledge of the Bankruptcy Code When Debtor's counsel received compensation within the Chapter 11 case, he was on notice that § 726(b) may require disgorgement of those payments if sufficient funds did not exist to pay all Chapter 11 administrative fees in full.

Perhaps § 726(b) was best interpreted by the Honorable Laurence E. Howard in *Central States, Southeast and Southwest Areas Pension Fund v. Robbins (In re Interstate Motor Freight System IMFS, Inc.)*, 71 B.R. 741, 744 (Bankr.W.D.Mich. 1987), when he stated: "One overarching object of the Bankruptcy Code is equality of distribution to like situated creditors. An expression of this policy is found at 11 U.S.C. § 726(b) which provides in essence that all claimants, including administrative claimants, whose claims are accrued in the same chapter shall be reimbursed pro rata. Consistently with this policy, all administrative expenses are on parity as to payment."

In other words, to allow Debtor's counsel to collect more than the other administrative claimants is a violation of the equality of distribution required under 11 U.S.C. § 726(b). There is no priority among administrative claimants. *In re Grigg Clothing Co.*, 62 B.R. 1016 (Bankr. D.S.D.1986).

Debtor's counsel argues that disgorgement is discretionary and urges the Court to so hold. See *United States v. Schottenstein, Zox & Dunn (In re Unitcast, Inc.)*, 219 B.R. 741 (6th Cir. BAP 1998)(holding that § 726(b) does not compel disgorgement from professionals in every case of administrative insolvency but is a remedy within the discretion of the bankruptcy court under §§ 330 and 331). We agree that disgorgement is discretionary under § 331 because the allowance of compensation is always discretionary. However, we find that § 726(b) requires disgorgement of interim compensation in every case of administrative insolvency in order to achieve the "pro rata" disbursement described in the section. Thus the language, "Payment on claims ... *shall* be made pro rata among claims of the kind specified in each such particular paragraph..." (Emphasis added).

In addition, interim allowances are interlocutory in nature and are always subject to the court's re-examination and adjustment during the course of a case. *In re Callister*, 673 F.2d 305 (10th Cir. 1982); See also *In re Taxman Clothing Co.*, 49 F.3d 310 (7th Cir.1995); *In re Anolik*, 207 B.R. 34 (Bankr.D.Mass.1997). The amount of fees subject to review at the end of a case are not only the balance due at the end but all compensation sought including the interim fees and the retainer already received. The entire amount of the fees, and not just the amount the attorney seeks over and above the retain-

er, are subject to review and award. *In re North Bay Tractor,* 191 B.R. 186 (Bankr. N.D.Cal.1996).

Consequently, we find that § 726(b) requires mandatory disgorgement of $9,026.59 from the Debtor's counsel so that the administrative claimants can be paid pro rata.